LOUISVILLE TRUST CO. v. STONE et al. SAME v. CITY OF LOUIS-
VILLE. FIDELITY TRUST & SAFETY VAULT CO. v. STONE
et al. SAME v. CITY OF LOUISVILLE.

(Circuit Court, D. Kentucky. June 4, 1898.)

Nos. 6,583, 6,584, 6,581, and 6,582.

1. ATTORNEY AND CLIENT—POWER TO BIND CLIENT BY AGREEMENT.
The power of an attorney to bind his client by consenting that a decision in another case shall be binding on him in the case in question can only exist where the two cases involve the same questions of law and fact.

2. SAME.
Whether trust companies having no general banking powers, by accepting the burdens of the Kentucky tax law of May 17, 1886 (the "Hewitt Act"), thereby acquired an irrevocable contract right to exemption from other forms of taxation, is a different question from that as to whether regular banking corporations, by like conduct, acquired such a right; and hence, in proceedings brought by trust companies and banks against a city to establish an exemption on this ground, the city attorney has no authority to bind the city by an agreement that the suits involving the rights of the trust companies shall abide the result of suits involving the rights of the banks.

3. RES JUDICATA—QUESTIONS CONCLUDED.
An adjudication that banks accepting the provisions of the "Hewitt Tax Law" (Act Ky. May 17, 1886) acquired an irrevocable right to exemption from other forms of taxation is not conclusive that trust companies, having no general banking powers, by like acceptance, acquired a similar exemption.

Helm & Bruce, for complainants.

Henry L. Stone, for city of Louisville.

W. S. Taylor, Atty. Gen., for Samuel H. Stone, etc., board of valuation and assessment of the state of Kentucky.

Before HARLAN, Circuit Justice, and TAFT and LURTON, Circuit Judges.

TAFT, Circuit Judge. The Louisville Trust Company and the Fidelity Trust & Safety Vault Company were parties to the agree-

ment made between the banks of Louisville and the city attorney, by which the question of the liability of the banks of Louisville under the license ordinance of the city of Louisville was carried by three test cases to the court of appeals. By that agreement these trust companies were included within the clause represented by the Louisville Banking Company, as a bank of the state, organized since the act of 1856. The trust companies were organized under charters each of which contained the following clause: "But nothing herein shall be construed to permit said company to discount paper or to engage in the business of banking." By subsequent amendments some additional powers were given which are usually exercised by banks, but there was no amendment to the charter of either permitting it to engage in the business of regular or general banking. The power to qualify and act in various trust or fiduciary capacities constituted the chief object in the organization of these companies. Section 5 of the amended charter of the Louisville Trust Company contains the following:

"For purposes of taxation, this company shall be classed and treated as one of the banks of this state, and shall be subject to and pay the same rate of taxes, to same parties, at the same time, in same manner, and for the same purposes only, as may be provided by law from time to time, as the banks doing business in this state." Laws 1885–86, p. 687.

In the case of Louisville Trust Co. v. City of Louisville (Ky.) 30 S. W. 991, Judge Grace, in the course of his opinion, expressed the view that this was not a bank, and that it was not entitled to any exemption from taxation, because it rendered no public service to the state, and that this was the only ground upon which it could be excused from taxation under the old constitution. It has been held by the court of appeals of Kentucky that it was competent to exempt banks, under that constitution, because they did render public services. It is thus apparent that the question whether the trust companies had an irrevocable contract under the Hewitt act (Act Ky. May 17, 1886) was not the same as that presented with respect to the banks. The power of an attorney to bind his client by consenting that a decision in another case shall be binding upon him in the case in question can only exist where the two cases involve the same questions of law and fact; otherwise, the attorney might conclude his client's rights by an event having no relevant relation to the merits of the controversy in which he is acting as attorney. Hence it follows that the contract of the city attorney on behalf of the city of Louisville, in so far as it attempted to make the taxation of the trust companies depend upon the judgments in the three test cases of the banks, was beyond his authority, and that the trust companies cannot rely on those judgments as res judicata. Indeed, the same conclusion may be reached irrespective of the city attorney's authority. The point adjudged in the three cases was that banks accepting the Hewitt act had an irrevocable tax exemption. The point at issue here concerns the tax exemption of the trust companies. This is a different question, as we have seen, and is not foreclosed, therefore, by the judgment in favor of the banks. The indispensable element in a successful plea of res judi-

cata is that the point adjudged and the point at issue shall be the same. If the complainants cannot rely on the bar of the prior adjudication, we must, of course, reach the same conclusion upon the question of irrevocable contract on its merits that we have reached in the case of the Northern Bank of Kentucky. The motion for preliminary injunction must therefore be denied, the demurrers to the bills sustained, and the bills dismissed.